**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| David Trefry, Joan Trefry, and Kerri Pereira, | : |
|  | : |
|  | : Civil Action No.:  1:13-cv-13044 |
| Plaintiffs, | : |
| v. | : |
|  | : |
| Budzik & Dynia, LLC; and DOES 1-10, | : **COMPLAINT** |
| inclusive, | : |
|  | : |
| Defendants. | : |
|  | : |

For this Complaint, Plaintiffs, David Trefry, Joan Trefry, and Kerri Pereira, by undersigned counsel, state as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     Plaintiffs, David and Joan Trefry ("David" and "Joan", respectively), are adult individuals residing in Beverly, Massachusetts and each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Plaintiff, Kerri Pereira ("Kerri", and together with David and Joan, "Plaintiffs"), is an adult individual residing in Danvers, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant Budzik & Dynia, LLC ("Budzik"), is an Illinois business entity with an address of 4849 North Milwaukee Avenue, Suite 801, Chicago, Illinois 60630, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7.      Does 1-10 (the "Collectors") are individual collectors employed by Budzik and whose identities are currently unknown to Plaintiffs.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.      Budzik at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

9.      Kerri allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

10.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11.      The Debt was purchased, assigned or transferred to Budzik for collection, or Budzik was employed by the Creditor to collect the Debt.

12.      Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Budzik Engages in Harassment and Abusive Tactics

13.      Within the last year, Budzik contacted David and Joan in an attempt to collect the Debt from the Kerri.

14.      During the initial conversation, David and Joan notified Budzik that Kerri did not reside with them and that she could not be reached at their number.  David and Joan therefore instructed Budzik to cease calling their number regarding the Debt.

2

15.     David and Joan also provided Budzik with updated contact information for Kerri.

16.     Nonetheless, Budzik continued to call David and Joan in an attempt to collect the Debt.

17.     In addition, Budzik disclosed to David and Joan that the calls were regarding the Debt.  This caused Kerri a great deal of stress and embarrassment.

**C.  Plaintiffs Suffered Actual Damages**

18.     Plaintiffs have suffered and continue to suffer actual damages as a result of Defendants' unlawful conduct.

19.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692,** *et seq.*

20.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     Defendants' conduct violated 15 U.S.C. § 1692b in that Defendants contacted David and Joan for purposes other than to confirm or correct location information and disclosed to David and Joan that it was calling about the Debt.

22.     Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with David and Joan regarding the Debt.

23.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiffs in connection with collection of the Debt.

24.     Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged David and Joan in telephone conversations, with the intent to annoy and harass.

25.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

26.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

27.     Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, *et seq.*

28.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.      Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

30.      Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4

4.  Double or treble damages plus reasonable attorney's fees pursuant to M.G.L.

    c.  93A § 3(A);

5.  Punitive damages; and

6.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 26, 2013

Respectfully submitted,

By   */s/ Sergei Lemberg*

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiffs